UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL K. GREGORY,

    Plaintiff,

    v.

K. ZIMMERMAN, et al.,

    Defendants.

CAUSE NO.: 3:18-CV-444-PPS-MGG

OPINION AND ORDER

Michael K. Gregory is a prisoner who is proceeding in this case without a lawyer against seven correctional officers "in their individual capacities for compensatory and punitive damages for using excessive force against him on April 2, 2017, in violation of the Eighth Amendment . . . ." ECF 6 at 2. One defendant, Michael Lopez, moved for summary judgment. ECF 53.

In the summary judgment motion, Lopez denies using any force against Gregory on April 2, 2017, because he was not present when Gregory alleges he was beaten. Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of

summary judgment." *Id*. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durfiinger*, 518 F.3d 479, 484 (7th Cir. 2008) (citation omitted).

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation and quotation marks omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted).

In support of his motion for summary judgment, Lopez submitted the deposition of Gregory in which he describes being assaulted on April 2, 2017. When asked about the role of Lopez, Gregory said Lopez was not personally involved with the assault.

Q      What about officer Lopez?

| | | |
|---|---|---|
| A | | I don't think Lopez was there. Lopez was, <u>everything that happened with Lopez was involved separately from the beating.</u> Lopez was involved in the threats and intimidation. I don't believe -- if Lopez was there, I don't remember him being there. |
| Q | | But you named him in the lawsuit because of the threats that were happening beforehand? |
| A | | Right, exactly, being part of it, but not actually -- at least I don't remember him being there. But it's a possibility he was. I don't know for sure, but I don't think so. |

ECF 53-1 at 44:1-13 (emphasis added).

In his response to the summary judgment motion, Gregory provides no evidence indicating that Lopez was present when he was assaulted on April 2, 2017. Rather he argues there is an issue of fact about whether Gregory verbally threatened and intimidated him in concert with the other defendants both before and after the attack. ECF 56. However, there cannot be a genuine issue of material fact about what Lopez said because Gregory is only proceeding in this case on a claim of excessive force on April 2, 2017. Because the undisputed evidence shows Lopez did not use excessive force against Gregory on April 2, 2019, the summary judgment motion must be granted.

For these reasons, the court:

(1) GRANTS the summary judgment motion (ECF 53);

(2) DISMISSES Michael Lopez; and

(3) REMINDS the parties this case is now proceeding solely on a claim by Michael K. Gregory against K. Zimmerman, A. Lagunas, C. Woolfork, M. Florer, M. Maldonado, and S. Beach in their individual capacities for compensatory and punitive

damages for using excessive force against him on April 2, 2017, in violation of the Eighth Amendment.

SO ORDERED on October 4, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT