UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL K. GREGORY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:18-CV-444-PPS-MGG |
| | ) |
| K. ZIMMERMAN *et al*, | ) |
| | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

This matter is before me on Plaintiff Michael K. Gregory's Motion for Contempt Order, Default Judgment, and Sanctions against Defendant Courtney Woolfork. [DE 135.] In his motion, Gregory argues that Woolfork has willfully and repeatedly refused to comply with the Federal Rules of Civil Procedure and this court's orders. Woolfork has failed to respond to discovery requests and multiple court orders. [DE 117, 128.] For the reasons set forth below, I find that Woolfork's ongoing and cumulative failure to respond to discovery requests and court orders warrants default judgment.

### Background

On June 11, 2018, Gregory filed a complaint against multiple defendants. [DE 1.] After reviewing the complaint, Gregory was allowed to proceed on his claim of excessive force in violation of the Eighth Amendment against Woolfork (and others) for conduct that occurred on April 2, 2017. [DE 6.] Soon thereafter, Woolfork appeared by his attorney (the Indiana Attorney General's Office) and answered the complaint. [DE 17, 20.] Since then, Woolfork, has refused to participate in the litigation and failed to

respond to multiple discovery requests of interrogatories and requests for production. [DE 135 ¶¶ 3-5.] After a year of trying to obtain Woolfork's discovery, even his own lawyer had enough. The Attorney General attorney moved to withdraw from Woolfork's case, stating that "[n]umerous attempts to contact Defendant Woolfork by counsel for the OAG have been unsuccessful." [DE 109 at ¶ 3.] Counsel attempted to call Woolfork, leave voicemails, and sent him a certified letter – all met with silence. *Id.* at ¶¶ 3-4. On the one occasion they did have to talk, Woolfork told counsel flatly that "he has nothing to offer or assist counsel with regarding this case." *Id.* at ¶ 6.

The next step was for Gregory to try and get Woolfork's attention. Gregory's counsel hired a private investigator, located Woolfork at his listed address and spoke with him. [DE 135-1 at ¶ 3.] Woolfork told the private investigator that "he does not know anything about the above-captioned lawsuit, or the plaintiff, Michael Gregory" and "he has no personal knowledge of the incident." *Id.* at ¶¶ 4-5. Yet a Report of Use of Physical Force form concerning the April 2, 2017 incident, prepared and signed by Woolfork, suggests the contrary. [DE 135-2.]

Along the way, Gregory filed multiple motions to compel Woolfork to produce outstanding discovery, find Woolfork in contempt, and sanction Woolfork for his lack of participation in discovery. [DE 115, 120, 127, 135.] To date, Woolfork has failed to comply with the court's orders. [DE 117, 122, 128.] Evidently exhausted by Woolfork's intransigence, Gregory now seeks multiple sanctions: default judgment, a contempt order, and monetary sanctions against Woolfork for his continued failure to comply with discovery requests and court orders.

**Discussion**

A court may impose a range of sanctions when a party fails to comply with its discovery orders, including default judgment against that party. FED. R. CIV. P. 37(b)(2)(A)(vi). Dismissals under Rule 37(b) "should be employed sparingly and only when there is a record of delay, contumacious conduct, or when other, less drastic sanctions prove unavailing." *Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003). The court must find beyond a preponderance of the evidence that default judgment is warranted. *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 778 (7th Cir. 2016). A court may also consider prejudice to plaintiff caused by defendant's conduct. *Robinson v. Petyo*, 2010 WL 148300, at *7 (N.D. Ind. Jan. 13, 2010). Before granting default judgment, a court should consider whether less severe sanctions will remedy the damage. *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642-43 (7th Cir. 2011). However, lesser sanctions need not be explored if the circumstances justify imposition of the ultimate penalty. *Dotson*, 321 F.3d at 667.

The circumstances of this case justify imposition of default judgment. Gregory has attempted for almost two years to obtain discovery from Woolfork. [DE 135.] Gregory first served interrogatories and requests for production on all defendants back in April 2020. [DE 135 at ¶ 3.] Woolfork remains the only defendant who has failed to comply with these requests. *Id.* In April 2021, Woolfork's counsel withdrew because Woolfork refused to cooperate with his attorney during discovery. [DE 109.] His attorney stated that "[n]umerous attempts to contact Defendant Woolfork by counsel for the OAG have been unsuccessful." *Id.* at ¶ 3. Counsel's attempts to contact Woolfork

3

by phone, leave voicemails, and send him a certified letter were all met with silence. *Id.* at ¶¶ 3-4. Woolfork told counsel that "he has nothing to offer or assist counsel with regarding this case." *Id.* at ¶ 6.

Gregory filed a Motion to Compel for outstanding discovery, which was granted. [DE 115, 117.] Woolfork was given until August 2, 2021 to respond to the discovery requests. [DE 117.] When he failed to comply with the order, I ordered Woolfork to pay Gregory's reasonable expenses and gave him until October 8, 2021 to respond to the discovery requests. [DE 128.] Once again, Woolfork stiff-armed them. Gregory next resorted to hiring a private investigator who found Woolfork and tried to talk with him only to be rebuffed once again. Woolfork told the investigator that "he does not know anything about the above-captioned lawsuit, or the plaintiff, Michael Gregory" and "he has no personal knowledge of the incident." [DE 135-1 at ¶¶ 4-5.] However, as mentioned above, this is in direct contradiction to the Report of Use of Physical Force form concerning the April 2, 2017 incident at issue in this lawsuit, which was prepared and signed by Woolfork. [DE 135-2.] Considering Woolfork's repeated failures to participate in litigation and his outright refusal to comply, such that his attorney felt the need to withdraw, I believe that merely finding Woolfork in contempt and fining him is insufficient to encourage his participation in this litigation.

Woolfork's continued failure to make any effort to comply with discovery make it clear to me beyond a preponderance of the evidence that default judgment is warranted here. *Ramirez*, 845 F.3d at 778. His refusal to cooperate with his attorney, ignoring court orders, and blatant professed ignorance regarding the case to the private

4

investigator is inexcusable. Undoubtedly, the record shows delay and willfully disobedient conduct and sanctioning Woolfork by requiring him to pay reasonable attorney's fees have been unavailing. *Dotson*, 321 F.3d at 667. Indeed, as of the date of this Opinion and Order, Woolfork has still not complied with the court's orders to produce discovery. Woolfork's actions go beyond mere advertence, mistake, or inability to comply. *Ramirez,* 845 F.3d at 776. Rather, Woolfork has abandoned any attempt at defending himself in this litigation. Therefore, default will be entered against Woolfork on the issue of liability and Gregory will be afforded an opportunity to present evidence to the court as to the extent of his damages so that the default can be reduced to an enforceable judgement.

## Conclusion

The Motion for Contempt Order, Default Judgment, and Sanctions against Defendant Courtney Woolfork [DE 135] is **GRANTED in part**.

The Clerk is directed to enter default against Defendant Courtney Woolfork. Judgment will be entered once Gregory files proof of damages.

**SO ORDERED on January 13, 2022.**

                                            /s/ Philip P. Simon
                                       PHILIP P. SIMON, JUDGE
                                       UNITED STATES DISTRICT COURT