## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | | |
|---|---|---|
| **MICHAEL K. GREGORY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **3:18CV444-PPS/MGG** |
| | ) | |
| **LT. K. ZIMMERMAN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### OPINION AND ORDER

Plaintiff Michael Gregory, an inmate at the Indiana State Prison, brings claims of excessive force against a number of corrections officers based on events that occurred there in 2017.  According to Gregory, he was beaten, kicked, punched, sprayed with pepper spray, and restrained by several corrections officers outside his cell, and the use of excessive force continued thereafter as Gregory was taken to the Medical Services Unit, a decontamination shower, and a Special Management Unit.

In discovery, the defense has produced several recordings of video footage outside the block of cells where Gregory's conflict with corrections officers began in the wee hours of the morning. Gregory contends that spoliation sanctions are appropriate because the Indiana State Prison failed to preserve additional video evidence of the defendants' use of force when it had a duty to do so.  The relief Gregory seeks is to be permitted to present evidence and argument to the jury concerning the loss or destruction of prison video evidence, and an instruction to the jury on its evaluation of the missing evidence.  The matter is fully briefed, and a hearing was held.  I will grant

some relief in the form of evidentiary leeway, but not the full sanctions Gregory

requests.

### Discussion

Gregory's motion invokes Fed.R.Civ.P. 37(e)(1):

> FAILURE TO PRESERVE ELECTRONICALLY STORED INFORMATION.
> If electronically stored information that should have been preserved in the
> anticipation or conduct of litigation is lost because a party failed to take
> reasonable steps to preserve it, and it cannot be restored or replaced
> through additional discovery, the court:
>     (1) upon finding prejudice to another party from loss of the
> information, may order measures no greater than necessary to cure the
> prejudice[.]

Gregory filed his pro se complaint on June 11, 2018, fourteen months after the incidents

at issue.  Because ISP has more than 200 hundred cameras in operation, generating a

large volume of video footage, the practice of ISP's servers is to "automatically override

video footage after thirty days in order to create space for new video footage."  [DE 152

at 2, citing Affidavit of William Lessner, DE 152-1 at ¶¶20-22.] The question presented is

whether ISP should have preserved video evidence all along the path of Gregory's

travels through the facility on April 2, in anticipation of this litigation.

Gregory lists a number of events that he contends triggered a duty to preserve the

evidence.  The first was Gregory's visit to the medical unit where a nurse noted a small

laceration near one of his eyes.  [DE 131 at 6.]  But even Gregory's reliance on that

occurrence is limited to a prison policy requiring the Shift Supervisor to photograph any

visible offender injury.  This does not impose a duty with respect to preserving video

footage from prison surveillance cameras in two separate buildings, particularly as the

2

nurse's notes – even if reviewed by prison staff rather than contract healthcare providers – did not indicate that the injuries were sustained other than during the altercation outside the cellblock.  Gregory's later requests for healthcare on April 12, 2017 also were directed to healthcare providers, not to prison officials, and did not clearly indicate that any injuries were allegedly sustained other than during the initial incident outside the cellblock.

Gregory cites corrections policy governing investigations like the one undertaken of the April 2 incident, and applicable when a Report of Use of Physical Force or Report of Conduct is filed.  [DE 131 at 7.]  These policies, Gregory asserts, required the retention of all video evidence of incidents documented in such reports or requested by the charged offender.  [*Id*.]  The scope of this requirement is critical for present purposes; the defendants maintain that the identifiable "incident" was what occurred outside the cellblock only, some video of which was preserved and has been provided to Gregory. [DE 152 at 3-7.]  Gregory disputes whether all the footage from that area was maintained, asserting the existence of "five or six cameras and angles."  [DE 157 at 3.] Without allowing a mini-trial on missing video evidence, I will permit Gregory some inquiry at trial into the existence of additional video of the initial incident outside his cellblock.

Gregory also notes that he was charged with a conduct violation for an alleged assault on defendant Zimmerman at the decontamination shower, concerning which he specifically requested potentially pertinent video evidence.  [DE 157 at 4, citing Notice of

3

Disciplinary Hearing, DE 157-2 at 2.]  That Notice does not expressly indicate that the conduct at issue occurred in or at the shower, but shows Gregory's request for physical evidence:  "camera – to show me having a freak out moment."  The later Report of Disciplinary Hearing indicates that the requested video was "not viewable – no camera in shower."  [DE 157-3 at 2.]  In view of Gregory's specific request for video with relevance to the shower incident, Gregory will be permitted at trial to offer evidence or seek testimony about ISP's efforts, if any, to identify and preserve video footage from cameras outside the shower area.

Gregory also alleges that as he was moved through the ISP after the incident on the cellblock, he was assaulted in a stairwell.  [DE 130 at 12.]  But at the hearing, Gregory's counsel acknowledged that they have not been able to determine whether there were cameras, or how many, in that stairwell.  Without a factual basis for the existence of any footage in that area, Gregory does not demonstrate an entitlement to any relief on the basis of an unsupported allegation of spoliation relating to video from that area of the institution.

Gregory also requests a jury instruction telling the jury that potentially relevant video evidence that the ISP had a duty to preserve is unavailable "because of acts or omissions by Indiana State Prison employees," and that the jury may infer that the "lost or destroyed video evidence would have favored Plaintiff's case."  [DE 130 at 13-14.]  At this point in the proceedings, I am not convinced that such a jury instruction has been shown to be appropriate.  As I indicated at the hearing on the spoliation motion, some

4

exploration of the existence and preservation of potentially relevant video will be allowed as a matter of evidence and (if supported) by argument.  After the evidence plays out at trial, the question of a jury instruction may be revisited upon a new motion by Gregory, if he thinks the record then shows that an instruction is necessary and appropriate to cure prejudice to him from the ISP's failure to take reasonable steps to preserve particular video evidence.

### Conclusion

At trial, I will permit Gregory to inquire of appropriate witnesses concerning the failure to keep more than the three views of footage recorded outside the cellblock where the April 2 incident began, as well as the failure to preserve video of the decontamination shower area at the time of Gregory's presence there on April 2.  I am not persuaded that the Indiana State Prison was under an obligation, pursuant to its policies or otherwise, to secure every possible video recording of Gregory's movement throughout the facility, including to other locations in separate buildings after the incident that began outside the cellblock.  Although Gregory alleges that he was assaulted in a stairwell, it is not clear that there existed any video recording in that space or that the ISP received any notice triggering a duty to preserve such recording if it existed.  Beyond this permission to explore the retention of video of what occurred on the cellblock and outside the decontamination shower, I will defer any decision concerning a jury instruction until after the evidence at trial affords me a better foundation for a decision as to sanctionable spoliation.

5

ACCORDINGLY:

Plaintiff's Motion for Spoliation Sanctions [DE 130, 131] is GRANTED to the extent indicated in the accompanying opinion.  In all other respects, the motion is DENIED.

**SO ORDERED** this 13th day of July, 2022.

/s/ Philip P. Simon
**UNITED STATES DISTRICT JUDGE**