UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL K. GREGORY, | ) |
| Plaintiff, | ) |
| vs. | ) 3:18CV444-PPS/MGG |
| LT. K. ZIMMERMAN, C.O. LOPEZ, C.O. A. LAGUNAS, C.O. C. WOOLFORK, SGT. M. FLORER, C.O. M. MALDONADO, and SGT. S. BEACH, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Michael Gregory filed this lawsuit alleging that seven corrections officers at the Indiana State Prison (ISP) violated his constitutional rights by using excessive force on him. For two-and-a-half years [DE 9], the Indiana Attorney General's Office represented defendant Courtney Woolfork, along with the other defendants. But Woolfork stopped working for the Indiana Department of Corrections, and thereafter stopped communicating with his counsel at the AG's office. The AG then sought leave to withdraw its appearance for Woolfork, and that request was granted. [DE 109, 110.] Mr. Gregory later obtained a $15,000 default judgment against Woolfork as a sanction for Woolfork's "ongoing and cumulative failure to respond to discovery requests and court orders." [DE 137 at 1; DE 170; DE 171.]

As for the six other defendants, defendant Michael Lopez was granted summary judgment on October 4, 2019. [DE 57.] After the default judgment against Woolfork, the case proceeded toward a trial against the five remaining correctional officers

(Zimmerman, Lagunas, Maldonado, Florer and Beach) with whom Gregory eventually reached a settlement that I have recently enforced. [DE 203, 220.] In sworn testimony before Magistrate Judge Gotsch during proceedings supplemental, Woolfork testified that his bank balance was in the red, his car had been repossessed, and he owned no real estate or other valuable assets. [DE 195 at 5-8.] At that time Woolfork was employed by Amazon, making a wage of $23.55 per hour, but subject to several garnishments for other debts. [DE 195 at 5, 8-9.]

Now before me is Gregory's motion seeking indemnification by the State of Indiana, more specifically requesting that the court order the Indiana Department of Corrections to pay Gregory the $15,000 default judgment plus post-judgment interest. [DE 207.] I note that Gregory has also been awarded attorney's fees and costs against Woolfork in the amount of $2,787.50 [DE 122, DE 128 at 3] as a sanction for failure to respond to discovery, and that sum was later ordered added to the default judgment [DE 180]. So all told, plaintiff Michael Gregory has a default judgment in the total amount of $17,787.50 against defendant Courtney Woolfork. The pending motion makes no reference to the additional sum awarded for fees and costs, however, seeking only an order that IDOC pay Gregory $15,000 plus post-judgment interest at the rate of 2.83%. [DE 207 at 8.]

The authority Gregory cites in support of indemnification is an Indiana statute, Indiana Code §34-13-4-1:

> If a present or former public employee...is or could be subject to personal civil liability for a loss occurring because of a noncriminal act or omission

2

> within the scope of the public employee's employment which violates the civil rights laws of the United States, the government entity (when the governmental entity defends or has the opportunity to defend the public employee) shall...pay: 1) any judgment (other than one for punitive damages) of the claim or suit.

The Seventh Circuit has recognized that the application of §34-13-4-1 is mandatory where its criteria are met. *Robinett v. City of Indianapolis*, 894 F.3d 876, 879 (7th Cir. 2018). The corrections officer defendants who oppose Gregory's motion offer four reasons they say Gregory is not entitled to indemnification from the Department of Corrections. Only two of them need to be addressed to establish that I must deny Gregory's motion, albeit without prejudice to his pursuing indemnification in a state court proceeding.

The first is defendants' argument that indemnification cannot be granted against the State because the State is not a party to the lawsuit. Note that it is five individual corrections officer defendants, sued in their individual capacities, who oppose the motion for indemnification. Defendants persuasively argue that the Seventh Circuit has observed the necessity of the public employer being a named party to an action in which indemnification is sought. [DE 211 at 4.] In *Robinett*, 894 F.3d at 881, the court said that an effort by a plaintiff "to make the governmental entity vicariously liable in tort" would "necessarily require[] the plaintiff to join the government unit as a defendant." *Id*.

The Indiana Department of Correction as Woolfork's employer is a governmental entity within the meaning of the indemnification statute. Ind. Code §11-8-2-1. Neither IDOC nor the State of Indiana is, however, a "person" within the meaning of 42 U.S.C. §1983, and so could not have been named— and was not named—as a viable defendant

3

for the alleged violation of Gregory's civil rights. *Griffin v. Indiana Department of Correction*, 698 Fed.Appx. 832, 833 (7th Cir. 2017), citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In *Robinett,* the Seventh Circuit considers the distinction between the indemnification statute's "scope of employment" requirement and §1983's "under color of state law" requirement. *Robinett*, 894 F.3d at 881. The court observes that a default judgment in a civil rights suit could resolve whether a civil rights defendant acted under color of state law for purposes of §1983, but would not necessarily determine whether he acted within the scope of his employment as required for indemnification under Ind. Code ¶34-13-4-1. *Id*. To do the latter, the court says, would "require[] the plaintiff to join the governmental unit as a defendant." *Id*.

Defendants also rely on *Williams v. Boley*, Cause No. 4:21-CV-68-RLM-KMB, 2023 WL 167459, at *5 (S.D.Ind. Jan. 12, 2023). There a state trooper defendant was found to be entitled to summary judgment on the plaintiff's claims for indemnification and respondeat superior. Citing the Indiana Court of Appeals decision in *City of Fort Wayne v. Moore*, 706 N.E.2d 604, 607 (Ind.Ct.App. 1999), and with the plaintiff's agreement, the court concluded that the claims "can't survive without an employer party to take responsibility for or indemnify Trooper Boley's acts." *Williams*, at *5. These authorities tell me that I cannot consider granting indemnification against a party who is not present in the proceedings before me.

The second argument that supports my denial of Gregory's motion is the State's immunity from suit in federal court, and failure to waive that immunity. The Eleventh

4

Amendment to the U.S. Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States[.]" The Eleventh Amendment "bars 'a suit by a citizen against the citizen's own State in Federal Court.'" *Johnson-Bey v. Indiana Department of Corrections*, 668 F.Supp.2d 1122, 1126 (N.D.Ind. 2009). "The Eleventh Amendment's jurisdictional bar extends to state agencies, such as the IDOC as well as to the State itself." *Id.*, citing *Kashani v. Purdue University*, 813 F.2d 843, 845 (7th Cir. 1987). Under the Eleventh Amendment, a state and its agencies and departments are immune from suits in federal court unless the State consents. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Employees v. Missouri Public Health & Welfare Dep't*, 411 U.S. 279, 280 (1973). Defendants point out that even if the State or IDOC were a named defendant, "Indiana Code §34-13-4-3 makes clear that the indemnification provisions of that chapter do not constitute a waiver of Eleventh Amendment immunity." [DE 211 at 4.]

Section §34-13-4-3(1) and (2) expressly provide that: "This chapter shall not be construed as: (1) a waiver of the eleventh amendment to the Constitution of the United States; [or] (2) consent by the state of Indiana or its employees to be sued in any federal court[.]" Magistrate Judge Andrew P. Rodovich of this court has recently dismissed a claim for indemnification under §34-13-4-1 brought in a civil rights action against an Indiana State Police officer both on the ground that the State of Indiana was not a party to the action and that Eleventh Amendment immunity precludes a federal court from

5

entertaining such a claim. *Beamon v. Hamed*, Case No. 2:19-cv-506, DE 39 at 11-12 (N.D.Ind. Feb 22, 2021). These same considerations leave me with the conclusion that I cannot adjudicate Gregory's claim for indemnification under the Indiana statute.

In reply, Gregory contends that requiring a separate action in state court to collect on his judgment "would waste judicial resources and undermine the fundamental structure of federal civil rights litigation." [DE 215.] Neither the convenience of successful civil rights plaintiffs nor judicial economy outweigh the force of a constitutional amendment, however. Gregory's reasoning also generalizes, suggesting that "[t]his approach could make very civil rights case two lawsuits." [DE 215 at 1.] Gregory overlooks the unusual circumstances of this case, in which a former state employee is no longer represented by the State's Attorney General and the State's ultimate liability for the judgment against him is disputed. In the mine run of cases against state actors under §1983, the State offers both a defense and indemnification for an adverse judgment.

Gregory also invokes the inapposite case of *Austin v. Niblick*, 626 Fed.Appx 167 (7th Cir. 2015). There Austin had obtained a default judgment against a former Fort Wayne police officer, and sought to enforce the judgment against the City of Fort Wayne. The Seventh Circuit held that supplemental proceedings under Fed.R.Civ.P. 69(a) could be used to collect a judgment from a nonparty indemnitor of the judgment debtor. *Id*. at 169. But *Austin* is entirely distinguishable because it involves a municipality, which does not enjoy the State's Eleventh Amendment immunity.

Gregory disregards the distinction between §1983 claims against municipalities and against the State and its agencies. As I've earlier observed, States and their political subdivisions are not "persons" within the meaning of 42 U.S.C. §1983. *Griffin v. Indiana Department of Correction*, 698 Fed.Appx. 832, 833 (7th Cir. 2017), citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). By contrast, municipalities *are* "persons" who may be sued under §1983. *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 690-91 (1978). In *Monell*, the Supreme Court differentiated between §1983 actions against municipalities and States: "Nor is there any basis for concluding the Eleventh Amendment is a bar to municipal liability...Our holding today is, of course, limited to local government units which are not considered part of the State for Eleventh Amendment purposes." *Id*. at 690, n.54. State employees sued in their individual capacities like the defendants here can be sued under §1983, but a state corrections department is a state agency which is not a "person" under §1983 and has Eleventh Amendment immunity from suit in federal court. *Payne v. Stacy*, Case No. 18-CV-850, 2020 WL 886185, at **5-6 (E.D.Wisc. 2020).

The fact that Indiana has enacted a statute providing indemnification to state employees in certain circumstances does not impact the general rule that state officials sued in their individual capacity do not enjoy Eleventh Amendment immunity. *Luder v. Endicott*, 253 F.3d 1020, 1022-23 (7th Cir. 2001). The Seventh Circuit has explained the reason for this: indemnification under a state statute "is the voluntary choice of the state, not a cost forced on it by the federal-court suit." *Id*. at 1023. Here, by contrast, the

7

State (via the Attorney General's opposition to the present motion) is not voluntarily providing indemnification for Woolfork, but is resisting indemnification. The Supreme Court notes that it has "[n]ever held that a civil rights suit under 42 U.S.C. §1983 against a state officer in his individual capacity implicates the Eleventh Amendment and a State's sovereign immunity from suit." *Lewis v. Clarke*, 581 U.S. 155, 166 (2017). In *Lewis*, which involved Indian tribal immunity from suit, the Supreme Court observed that "[f]ederal appellate courts that have considered the indemnity question have rejected the argument that an indemnity statute brings the Eleventh Amendment into play in §1983 actions." *Id*. at 166-167. The court held that "in a suit brought against a tribal employee in his individual capacity, the employee, not the tribe, is the real party in interest and the tribe's sovereign immunity is not implicated." *Id*. at 157.

"Case law in this Circuit has rejected the notion...that a state which chooses to indemnify its employees for damages threatens its Eleventh Amendment immunity from suit." *Stoner v. Wisconsin Dep't of Agriculture*, 50 F.3d 481, 483 (7th Cir. 1995). In that case, applying sovereign immunity principles, the Circuit affirmed the dismissal of the state Department of Agriculture from a case brought under §1983. *Id*. The *Stoner* opinion also contains language suggesting that a claim for indemnification does not present an exception to the state's Eleventh Amendment immunity: "It would be equally absurd if such indemnification statutes served automatically to abrogate Eleventh Amendment immunity by allowing states to be joined as indemnitors. Untenable also; this argument fails." *Id*. This passage from *Stoner* has been cited by

8

Southern District of Indiana in rejecting a §1983 plaintiff's argument "that the Eleventh Amendment has no application to the case at bar...because the State is not being sued as a substantive party but rather only for indemnification purposes." *Goudy v. Cummings*, No. 1:12-cv-00161-SEB-TAB, 2013 WL 5487355, at *9 (S.D.Ind. 2013).

Finally, Gregory incorrectly asserts that the State of Indiana has waived sovereign immunity by making a "general appearance in this suit," and filing numerous motions. [DE 215 at 6.] The Attorney General's defense of a state employees does not constitute a general appearance by the State of Indiana. *Elliott v. Hinds*, 573 F.Supp. 571, 575 (N.D.Ind. 1983) (attorney general's representation of state employee under terms of state statute does not waive Eleventh Amendment immunity). Otherwise, the State would forfeit its Eleventh Amendment immunity every time the Attorney General defends a state employee in federal court, which is clearly not the case. Article 4, Section 24 of the Indiana State Constitution reads: "Provision may be made, by general law, for bringing suit against the State; but no special law authorizing such suit to be brought, or making compensation to any person claiming damages against the State, shall ever be passed." The Seventh Circuit has interpreted this provision to require that "the state legislature must pass a general law specifically waiving Eleventh Amendment immunity to constitute a waiver." *In re Platter*, 140 F.3d 676, 679 n. 1 (7th Cir. 1998). In view of the constitutional provision, the Circuit noted that the Indiana Attorney General's appearance in a federal forum does not in and of itself constitute a waiver of Eleventh Amendment immunity. *Id.*, citing *Ford Motor Co. v. Department of Treasury of Indiana*, 323

U.S. 459, 469 (1945) (overruled on other grounds in *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 623 (2002)).

## Conclusion

Two reasons prevent me from entertaining Gregory's request that the State of Indiana or its Department of Correction provide indemnification by paying Gregory the default judgment he has obtained against defendant Courtney Woolfork. The first is the procedural concern that neither the State nor IDOC is a party to these proceedings. The second, and much more substantive, is that the State and its corrections department both have Eleventh Amendment immunity from being sued for indemnification in federal court.

ACCORDINGLY:

Plaintiff Michael Gregory's unopposed Motion to File Under Seal Exhibit C to his Motion for Indemnification [DE 209] is GRANTED.

Plaintiff Gregory's Motion for Indemnification [DE 207] is DENIED WITHOUT PREJUDICE to indemnification being sought in a state court proceeding.

**SO ORDERED** this 2nd day of March, 2023.

/s/ Philip P. Simon
**UNITED STATES DISTRICT JUDGE**